**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-CV-_____

CAROL A. ROSS,

      Plaintiff,

v.

DDR MCH WEST, LLC and SITE CENTERS CORP. f/k/a DDR CORP.,

      Defendants.

---

**NOTICE OF REMOVAL**

---

Defendants DDR MCH West, LLC ("DDR") and SITE Centers Corp. f/k/a DDR Corp. ("SITE") (collectively, "Defendants"), by and through their attorneys, Hall & Evans, L.L.C., hereby respectfully submit the following Notice of Removal of the above-captioned action from El Paso County District Court, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), and state as follows:

### I.    INTRODUCTION

1.    Plaintiff Carol A. Ross ("Plaintiff") initiated this lawsuit on February 19, 2019 against Ross Stores, Inc. d/b/a Ross Dress for Less and Michaels Stores, Inc. in the District Court for El Paso County, captioned *Carol A. Ross v. Ross Stores, Inc. d/b/a Dress for Less and Michaels Stores, Inc.*, Civil Action No. 2019CV30444 (the "State Action"). *See* **Exhibit A**, Plaintiff's Civil Complaint and Jury Demand; **Exhibit B**, Plaintiff's Civil Cover Sheet.

2. On March 25, 2019, Plaintiff filed her First Amended Civil Complaint to add Chapel Hills West, LLC as a defendant. *See* **Exhibit E**, Plaintiff's First Amended Civil Complaint. On April 8, 2019, Plaintiff and Michael's Stores, Inc. filed a Stipulation for Dismissal. *See* **Exhibit I,** Stipulation for Dismissal. The El Paso County District Court approved the Stipulation for Dismissal on April 9, 2019.

3. On July 23, 2019, Plaintiff filed her Unopposed Motion to Dismiss Parties and for Leave to Amend Complaint, requesting that the El Paso County District Court dismiss the remaining defendants in Plaintiff's First Amended Civil Complaint and grant Plaintiff leave to file the Second Amended Complaint attached to her motion to name DDR and SITE as defendants. *See* **Exhibit M**, Plaintiff's Unopposed Motion to Dismiss Parties and for Leave to Amend Complaint; **Exhibit N**, Plaintiff's Second Amended Complaint.

4. On July 23, 2019, the El Paso Country District Court granted the dismissal of the remaining defendants listed in Plaintiff's First Amended Civil Complaint, and allowed Plaintiff leave to amend "subject to future objections by parties not currently participating in the litigation." *See* **Exhibit O**, Court's Order Dismissing Parties and Granting Leave to File Second Amended Complaint.

5. Plaintiff alleges that on September 28, 2017, she was walking across the subject premises when "she tripped and fell over a metal base/stump of a sign that had been removed from a handicapped parking space walkway." *See* **Exhibit N**, ¶ 7. Plaintiff's Second Amended Complaint alleges claims under the Colorado Premises Liability Act and negligence against Defendants. *Id.* at ¶¶ 11-44.

## II.   COMPLIANCE WITH THE RULES

6. All procedural requirements related to the removal of this action have been satisfied.

7. Defendant SITE was served on July 26, 2019. *See* **Exhibit Q**, Affidavit of Service – SITE Centers Corp. Defendant DDR was also served on July 26, 2019. *See* **Exhibit R**, Affidavit of Service, DDR MCH West LLC.

8. This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Complaint and Summons on Defendants and is timely pursuant to 28 U.S.C. §§ 1441 and 1446(b).

9. A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

10. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendants or filed in the State Action are attached as follows:

| | |
|---|---|
| **Exhibit A** | Civil Complaint and Jury Demand |
| **Exhibit B** | Civil Case Cover Sheet |
| **Exhibit C** | Defendant Michaels Stores, Inc.'s Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint |
| **Exhibit D** | Court Order Granting Defendant Michaels Stores, Inc.'s Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint dated March 13, 2019 |
| **Exhibit E** | Plaintiff's First Amended Civil Complaint |
| **Exhibit F** | District Court Civil Summons – Ross Stores, Inc. d/b/a Ross Dress for Less and Michaels Stores, Inc. |
| **Exhibit G** | Affidavit of Service – Ross Stores, Inc. d/b/a Ross Dress for Less |

| | | |
|---|---|---|
| **Exhibit H** | | Defendant Ross Dress for Less, Inc.'s Answer to Plaintiff's First Amended Complaint and Jury Demand |
| **Exhibit I** | | Stipulation for Dismissal of Michael's Stores, Inc. |
| **Exhibit J** | | Court Order Granting Stipulation for Dismissal of Michael's Stores, Inc. dated April 9, 2019 |
| **Exhibit K** | | Motion to Withdraw |
| **Exhibit L** | | Court Order Granting Motion to Withdraw dated June 17, 2019 |
| **Exhibit M** | | Unopposed Motion to Dismiss Parties and for Leave to Amend Complaint |
| **Exhibit N** | | Plaintiff's Second Amended Complaint |
| **Exhibit O** | | Court Order regarding Dismissing Parties and Granting Leave to File Second Amended Complaint dated July 23, 2019 |
| **Exhibit P** | | Plaintiff's Entry of Appearance |
| **Exhibit Q** | | Affidavit of Service – SITE Centers Corp. |
| **Exhibit R** | | Affidavit of Service – DDR MCH West LLC |
| **Exhibit S** | | Defendants' Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Second Amended Complaint |
| **Exhibit T** | | Register of Actions 2019CV30444 |

11. Pursuant to D.C.Colo.LCivR 81.1, Defendants certify that no hearings or motions are pending, nor has any trial been set in the State Action.

12. Defendants have complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

### III.　**DIVERSITY JURISDICTION**

13. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441,

1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### A. THE PARTIES ARE CITIZENS OF DIFFERENT STATES

14. Here, there is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff is a citizen of Colorado. *See* **Exhibit N**, ¶ 1; *see also Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) (finding that "[f]or purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile.").

15. For purposes of diversity, a corporation is deemed a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Oteng v. Golden Star Res., Ltd.*, 615 F. Supp. 2d 1228, 1233 (D. Colo. 2009). A corporation can only have one principal place of business, and it is usually the headquarters or "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Defendant DDR is a limited liability corporation organized and operating under the laws of the State of Delaware and maintains its principal place of business in Beachwood, Ohio. *See* **Exhibit N**, ¶ 2. Defendant DDR has one member, Defendant SITE. Defendant SITE is incorporated in the state of Delaware and has its principal place of business in Beachwood, Ohio. *See* **Exhibit N** at ¶ 3. Because Defendants are citizens of both Delaware and Ohio, and Plaintiff is a citizen and resident of Colorado, the parties are completely diverse pursuant to 28 U.S.C. § 1332(a)(1).

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16. While not waiving Defendants' rights to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs. "The amount in

controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

17.  "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

18.  Plaintiff's Complaint does not state a specific amount of damages but claims she "sustained significant permanent injuries and disabilities, resulting in past and future physical and mental pain and suffering, inconvenience, obligations for medical, hospital, surgical, and other related expenses, lost wages, impairment of earning capacity, loss of enjoyment of life, emotional distress, inconvenience, and permanent and residual injuries." *See* **Exhibit N**, ¶¶ 20, 27, 37, and 44.[1]

19.  A plaintiff cannot defeat removal by omitting an amount in controversy from the complaint. *Valdez v. Byers*, No. 09-CV-00764-CMA-CBS, 2009 U.S. Dist. LEXIS 46086, at *4 (D. Colo. May 20, 2009). In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks of what defendant may lose).

---

[1] Defendants deny Plaintiff's allegations regarding her alleged damages and injuries.

20. When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal "may be filed within thirty days after receipt by defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

21. Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of her Civil Case Cover Sheet. *See* **Exhibit B**, at p. 2. Plaintiff's Civil Cover Sheet for the Complaint filed in El Paso County District Court represents that, "a monetary judgment against another party for more than $100,000, including any penalties or punitive damages, but excluding attorney fees, interest and costs" and is supported by a certification of Plaintiff's counsel in compliance with C.R.C.P. 11. *Id.*

22. The Civil Case Cover Sheet is subject to the requirement of C.R.C.P. 11(a), and the attorney signature constitutes a certificate that "based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably expected to exceed $100,000." *Id.*

23. United States Court of Appeals for the Tenth Circuit held that a Colorado State Court's Civil Case Cover Sheet is an "other paper" under 28 U.S.C. § 1446(b)(3), and that a Civil

Case Cover Sheet now provides an appropriate basis to support the jurisdictional amount in controversy for the purposes of removal. *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016). Plaintiff's Civil Case Cover Sheet is thus sufficient to establish that the amount in controversy is in excess of the jurisdictional limit of $75,000, and it is therefore appropriate for this Court to exercise diversity jurisdiction.

24. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

25. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendants DDR MCH West, LLC and SITE Centers Corp. f/k/a DDR Corp. respectfully request that the action now pending in the El Paso County District Court, Case No. 2019CV30444, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 26th day of August, 2019

HALL & EVANS, LLC

*s/ Mamie Ling*
Lance G. Eberhart
Mamie Ling
1001 17th Street, Suite 300
Denver, CO  80202
Phone:  (303) 628-3300
Fax:  (303) 628-3368
eberhartl@hallevans.com
lingm@hallevans.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 26th day of August, 2019 a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court using the CM/ECF system which will send notification of such filing to parties and counsel registered through ECF. In addition, I hereby certify that I have served via U.S. Mail and electronic mail the foregoing document to the following non-CM/ECF participants:

David J. Webster, #28113
The Webster Law Firm, LLC
985 Pico Point
Colorado Springs, Colorado 80905
david@websterlawfirmll.com
*Attorneys for Plaintiff*

                                     *s/ Renee Godfrey*
                                     Renee Godfrey, Legal Assistant to
                                     Lance G. Eberhart
                                     Mamie Ling
                                     1001 17th Street, Suite 300
                                     Denver, CO  80202
                                     Phone:  (303) 628-3300
                                     Fax:  (303) 628-3368
                                     eberhartl@hallevans.com
                                     lingm@hallevans.com
                                     *Attorneys for Defendants*